UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-299-SEB-TAB-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JOSHUA MORRISON | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:18-cr-00299-SEB-TAB |
| JOSHUA MORRISON, | ) ) | -01 |
| Defendant. | ) ) | |

## ORDER

Defendant Joshua Morrison requests compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] For the reasons explained below, Mr. Morrison's motions are **denied**.

## I. Background

In 2020, after a guilty plea, Mr. Morrison was convicted of possession with intent to distribute 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. § 841(a), and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Dkt. 43. According to the presentence investigation report, law enforcement searched

---

[1] To the extent Mr. Morrison asks the Court to allow him to serve out the rest of his sentence on home confinement, the Court lacks the authority to do so. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). Likewise, the CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons to place inmates on home confinement, but it does not expand the courts' ability to do so. *See* Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) (CARES Act § 12003(b)(2)). The Court therefore does not have the authority to order the remainder of Mr. Morrison's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Morrison's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

Mr. Morrison's car after finding him unresponsive at a gas station and found, among other things, 635 grams of pure (actual) methamphetamine, a digital scale, a loaded gun, ammunition, and $1,995 in cash. Dkt. 35 at 5. The Court sentenced Mr. Morrison to an aggregate sentence of 180 months in prison, representing 120 months for the drug count and a consecutive 60-month term for the firearms count. Dkt. 43. The Court also imposed five years of supervised release. *Id.* According to the Bureau of Prisons ("BOP") website, Mr. Morrison's anticipated release date (with good-conduct time included) is July 23, 2031. *See* https://www.bop.gov/inmateloc/ (last visited June 18, 2022).

Mr. Morrison filed a pro se motion for compassionate release. Dkt. 47. The Court appointed counsel to represent him, but counsel later withdrew. Dkt. 53. After counsel withdrew, the Court ordered Mr. Morrison to supplement his motion, and he filed the required supplement. Dkt. 55. The United States responded in opposition. Dkt. 57. Mr. Morrison did not file a reply, but he did submit additional documents in support of his motion. Dkt. 62. Thus, his motions for compassionate release are ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563

(7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Morrison contends that extraordinary and compelling reasons warrant release because, after he was sentenced, his wife died and his minor children are now in the care of their grandparents. Mr. Morrison would like to care for his children and help them deal with the loss of their mother. He also submitted records showing that one of the grandparents caring for his children suffers from various health conditions. Dkt. 62. The Court sympathizes with the devastation that Mr. Morrison and his children must be feeling after the death of his wife. And the Court also understands that it may be difficult for his family members to care for his children while he is incarcerated. But Mr. Morrison has not shown that the children's caregivers are incapacitated or that there are no other available caregivers for the children. Accordingly, the Court declines to exercise its discretion to find that extraordinary and compelling reasons warrant release in this case.

And, even if Mr. Morrison had shown extraordinary and compelling reasons potentially warranting relief, the Court would deny his motion because the sentencing factors in § 3553(a) weigh against release.[2] Mr. Morrison's crimes were serious. In addition, before he committed the

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

crimes in this case, he had been convicted of at least 10 other felonies. *See* dkt. 35 at 8–15. He had served significant time in prison but continued to return to criminal activities. In addition, Mr. Morrison has served just a fraction of his 15-year sentence, and he is not due to be released for about 9 years. Accordingly, the Court finds that releasing Mr. Morrison now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; or protect the public from future crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Morrison's motions for compassionate release, dkt. [47] and [55], are **denied**.

**IT IS SO ORDERED.**

Date: 6/24/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Joshua Morrison
Reg. No. 16628-028
FCI Greenville
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246